[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13731
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cr-00284-JB-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR ORLANDO GUILLEN-ORELLANA,
a.k.a. Oscar Guillen-Orellana,
a.k.a. Oscar Orlando Guillen,
a.k.a. Oscar Guillen,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 12, 2021)

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Oscar Guillen-Orellana appeals his 41-month sentence imposed after he pleaded guilty to one count of illegal reentry into the United States after having been deported or removed, in violation of 8 U.S.C. § 1326(a) and (b)(2).  He argues that the within-guidelines sentence is substantively unreasonable because the district court ignored his mitigating personal circumstances and motives for unlawfully reentering the United States—namely, the fact that he was fleeing Honduras because his life was threatened and because he needed to support his common-law wife and three minor children who were left destitute following his prior deportation.[1]  After review, we affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct.  18 U.S.C. § 3553(a).  The court must also consider the nature

---

[1] The record reflects that Guillen-Orellana was deported previously from the United States to Honduras in 2006 and again in 2010.

and circumstances of the offense and the history and characteristics of the defendant. *Id.* § 3553(a)(1). We examine whether a sentence is substantively reasonable in light of the totality of the circumstances. *Gall*, 552 U.S. at 51.

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) "commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation omitted). Because such an abuse of discretion infrequently occurs, "it is only the rare sentence that will be substantively unreasonable." *Id.* (quotation omitted). The burden rests on the party challenging the sentence to show "that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Id.* We will "vacate the sentence if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Here, the district court did not abuse its discretion by imposing a 41-month sentence, which was at the bottom of the applicable guidelines range of 41 to 51

3

months' imprisonment.  The record reflects that the district court considered Guillen-Orellana's request for a sentence of time-served given (1) his non-criminal motives for returning to the United States after being deported to Honduras for a second time because he was "threatened by criminals and felt compelled to leave the country in order to avoid being killed"; and (2) his need to support financially his wife and children who remained in the United States and were left homeless after his prior deportation.[2]  The district court stated that it understood and "sympathize[d]" with Guillen-Orellana's motives and his family's circumstances, but that Guillen-Orellana's conduct was still illegal and a sentence at the low-end of the guidelines range was appropriate in light of the 18 U.S.C. § 3553(a) factors. Guillen-Orellana has not established that the district court erred in its consideration of the relevant factors.  *See Rosales-Bruno*, 789 F.3d at 1256; *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation omitted)).

---

[2] Guillen-Orellana explained at sentencing that since his arrest in the instant case, his family was again in similar circumstances because his wife was unable to work due to having to home school the children during the pandemic and the family had received notices of eviction and their car had been repossessed.  He urged the district court to have "mercy" and impose a time-served sentence so that he could go to another country and work in order to support his family.

Further, Guillen-Orellana's 41-month sentence is within the guidelines range and well-below the statutory maximum of 20 years' imprisonment,[3] which are both indicators of reasonableness. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect [such a sentence] . . . to be reasonable." (quotation omitted)); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence that is below the statutory maximum is another indicator of reasonableness). Accordingly, we conclude the sentence is substantively reasonable and affirm.

**AFFIRMED.**

---

[3] Guillen-Orellana faced a statutory maximum of 20 years' imprisonment because he was removed previously following a conviction for an aggravated felony. *See* 8 U.S.C. § 1326(b)(2) (providing that any alien reenters the United States illegally "whose removal was subsequent to a conviction for commission of an aggravated felony, . . . shall be fined under such title, imprisoned not more than 20 years, or both").